UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUMPTER PORTER,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>LAQUIN RIVERA, et al.,<br><br>　　　　　　Defendants. | No. 1:24-cv-00599-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF THE ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>(ECF No. 11) |

　　　Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

　　　Currently before the Court is Plaintiff's first amended complaint, filed June 17, 2024.

**I.**

**SCREENING REQUIREMENT**

　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. §

1

1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in his complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915.

Plaintiff is currently housed at Mule Creek State Prison and submits that he is set to be paroled on June 25, 2024.  Plaintiff names all staff in incident report employed at California State Prison, Los Angeles County and Mule Creek State Prison.

Plaintiff alleges as follows:

> They have fuck over me and a lot of others during my stay, and there job is to keep us and not let us go please believe me, me just come and talk to everybody I've touch in my building chart.  Please come and talk to me before its to late for everyone here in prison.

(Compl. at 4.)

None of these facts involve events that were alleged in Plaintiff's original complaint. The allegations and the Defendants named in the first amended complaint are entirely different from the allegations in Plaintiff's original complaint. The original complaint alleged constitution violations for events that occurred while Plaintiff was housed at North Kern State Prison and against different Defendants, who are not now named. In Plaintiff's original complaint, Plaintiff named as Defendants in this case, (1) officer Laquin Rivera, (2) officer Gomez, (3) officer Hilderbrand, and (4) sergeant Garcia.

## III.

## DISCUSSION

### A.     Failure to Comply with Court Order

In the Court's screening order issued on June 6, 2024, Plaintiff was informed that he may amend the complaint to cure the deficiencies that the Court identified in screening the original complaint. (ECF No. 7.) Plaintiff was expressly cautioned that "Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint." (ECF No. 7 at 5.)

Plaintiff failed to follow the admonitions of the Court. Plaintiff's first amended complaint changes the very nature of the suit by adding new claims, arising out of California State Prison, Los Angeles County and Mule Creek State Prison and against different Defendants, officers and employees at those prisons. Plaintiff's original complaint, however, alleged claims for events that occurred while he was housed at North Kern State Prison, against officers and employees of North Kern State Prison. Thus, because the first amended complaint alleges new and different claims against new and different Defendants, Plaintiff's first amended complaint is in violation of the Court's order. The Court will not expend its scarce resources to screen improper allegations.[1] The new allegations arising out of California State Prison, Los Angeles County and Mule Creek

---

[1] However, the Court notes that Plaintiff's first amended complaint (as the original complaint) does not comply with Federal Rule of Civil Procedure 8. Plaintiff's complaint is short and plain, but does not include any specific factual allegations sufficient to provide Defendants with notice of the theory upon which they are being sued. See McHenry v. Renne, 84 F.3d 1172, 1177-79 (9th Cir. 1996); Nevijel v. N. Coast Life Ins. Co., 651 F.2d 671, 674 (9th Cir. 1981).

3

State Prison belong in a separate lawsuit filed in the proper venue.

## IV.

## CONCLUSION AND ORDER

As Plaintiff is proceeding pro se, the Court will grant Plaintiff a FINAL opportunity to amend his complaint to cure the identified deficiencies in the Court's screening order to the extent he is able to do so in good faith. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). Plaintiff may amend his complaint to cure the deficiencies identified in the Court's screening order regarding the original complaint.

Plaintiff's second amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).  Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George, 507 F.3d at 607 (no "buckshot" complaints).

Finally, Plaintiff is informed that the Court cannot refer to a prior pleading in order to make Plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.' ").

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a second amended complaint (or notice of voluntary dismissal);
3. Plaintiff's second amended complaint shall not exceed twenty-five (25) pages in length; and

///

///

4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to a district judge that this action be dismissed consistent with the reasons stated in this order.

IT IS SO ORDERED.

Dated: __**July 1, 2024**__

_____
UNITED STATES MAGISTRATE JUDGE