UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUMPTER PORTER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LAQUIN RIVERA, et al.,<br><br>　　　　　Defendants. | No.  1:24-cv-00599-JLT-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION<br><br>(ECF No. 17) |

　　Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

　　Plaintiff's complaint in this action was filed on May 20, 2024.  (ECF No. 1.)

　　On June 6, 2024, the Court screened the complaint, found that Plaintiff failed to state a cognizable claim for relief, and granted Plaintiff thirty days to file an amended complaint.  (ECF No. 7.)

　　Plaintiff filed a first amended complaint on June 17, 2024.  (ECF No. 11.)  On July 1, 2024, the Court screened Plaintiff's first amended complaint, found no cognizable claims, and granted Plaintiff thirty days to file a second amended complaint.  (ECF No. 13.)

　　Plaintiff filed a second amended complaint on August 9, 2024.  (ECF No. 15.)  On August 23, 2024, the Court screened Plaintiff's second amended complaint, again found no cognizable

1

claims, and granted Plaintiff one final opportunity to amend the complaint. (ECF No. 16.)

Plaintiff failed to file a third amended complaint or otherwise respond to the August 23, 2024 order. Therefore, on October 2, 2024, he Court issued an order for Plaintiff to show cause why the action should not be dismissed. (ECF No. 17.) Plaintiff has failed to respond to the order to show cause and the time to do so has now passed.[1] Accordingly, dismissal of the action is warranted.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer

---

[1] The Court's October 2, 2024, order was returned by the United States Postal Office as undeliverable with a notation of "paroled." See Local Rule 182(f) ("Each appearing attorney and pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number of the attorney or the pro se party. Absent such notice, service of documents at the prior address of the attorney or pro se party shall be fully effective.")

2

that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.
## SUMMARY OF ALLEGATIONS

The Court accepts Plaintiff's allegations in his complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915.

Plaintiff names officer Laquin Rivera, officer Gomez, officer Hilderbrand, sergeant Garcia, and Warden of North Kern State Prison (NKSP), as Defendants.

"I was kick [sic] punch and pepper sprayed in my mouth and facial area, and drag by the same ones unto [sic] the program office, and made to strip out and stand in a cage until they let me go back to my building."  (ECF No. 15 at 2.)

Officer Rivera pepper sprayed Plaintiff in the mouth and face and the other three officers punched and kicked him in the head and ribs.  Rivera also watched Plaintiff be dragged out of the building.

Plaintiff requests that Defendants be fired from their employment and monetary damages for his pain and suffering.

## III.
## DISCUSSION

A. **Excessive Force**

When prison officials use excessive force against prisoners, they violate the inmates' Eighth Amendment right to be free from cruel and unusual punishment." Clement v. Gomez, 298 F.3d 898, 903 (9th Cir. 2002). To establish a claim for the use of excessive force in violation of the Eighth Amendment, a plaintiff must establish that prison officials applied force maliciously and sadistically to cause harm, rather than in a good-faith effort to maintain or restore discipline. Hudson v. McMillian, 503 U.S. 1, 6–7 (1992).  In making this determination, the court may

evaluate (1) the need for application of force, (2) the relationship between that need and the amount of force used, (3) the threat reasonably perceived by the responsible officials, and (4) any efforts made to temper the severity of a forceful response. Id. at 7; see also id. at 9–10 ("The Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." (internal quotation marks and citations omitted)).

As in Plaintiff's original complaint, the second amended complaint is devoid of any allegations detailing the factual circumstances surrounding the alleged use of force. Context is important in excessive force cases because, without such allegations, the Court cannot determine whether Defendant's use of force was applied "in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Bearchild v. Cobban, 947 F.3d 1130, 1140 (9th Cir. 2020) (quoting Hudson, 503 U.S. at 6). Consequently, given the lack of factual allegations, the Court cannot determine whether Plaintiff states a plausible claim for relief. Accordingly, Plaintiff fails to state a cognizable claim for excessive force.

**B. Supervisory Liability**

A supervisory official is liable under section 1983 if (1) the official is personally involved in the constitutional deprivation, or (2) there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Keates v. Koile, 883 F.3d 1228, 1242–43 (9th Cir. 2018) (quoting Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011)). "The requisite causal connection can be established ... by setting in motion a series of acts by others or by knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury." Starr, 652 F.3d at 1207–08 (internal quotation marks and citations omitted) (alterations in original). Thus, a supervisor may "be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others."

1   Keates, 883 F.3d at 1243 (quoting Starr, 652 F.3d at 1208).

2   "Conclusory allegations that various prison officials knew or should have known about
3   constitutional violations occurring against plaintiff simply because of their general supervisory
4   role are insufficient to state a claim under 42 U.S.C. § 1983." Sullivan v. Biter, No. 15-cv-00243,
5   2017 WL 1540256, at *1 (E.D. Cal. Apr. 28, 2017) (citing Monell v. Dep't of Soc. Servs., 436
6   U.S. 658, 691 (1978) and Starr, 652 F.3d at 1207).  In other words, to state a claim against any
7   individual defendant based on supervisory liability, Plaintiff "must allege facts showing that the
8   individual defendant participated in or directed the alleged violation, or knew of the violation and
9   failed to act to prevent it." Richard v. Holtrop, No. 15-cv-5632, 2016 WL 11520620, at *5 (C.D.
10  Cal. May 12, 2016) (emphasis in original) (citing Barren v. Harrington, 152 F.3d 1193, 1194 (9th
11  Cir. 1998)) ("A plaintiff must allege facts, not simply conclusions, that show that an individual
12  was personally involved in the deprivation of his civil rights.").

13  In the caption of the second amended complaint, Plaintiff names the Warden at NKSP as a
14  Defendant.  However, supervisory liability is not an independent cause of action under § 1983,
15  and Plaintiff must allege both an underlying constitutional violation and a connection between the
16  supervisor's actions and the violation. See Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) ("A
17  defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her
18  personal involvement in the constitutional deprivation, or (2) a sufficient causal connection
19  between the supervisor's wrongful conduct and the constitutional violation.' "), quoting Hansen
20  v. Black, 855 F.2d 642, 646 (9th Cir. 1989); Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988)
21  ("The inquiry into causation must be individualized and focus on the duties and responsibilities of
22  each individual defendant whose acts or omissions are alleged to have caused a constitutional
23  deprivation."), citing Rizzo v. Goode, 423 U.S. 362, 370-71, 375-77 (1976).  Plaintiff may not
24  simply attempt to hold the supervisory Defendant liable without any factual allegations regarding
25  their personal involvement in the alleged constitutional violation or a causal connection between
26  their wrongful conduct and the violation.  Accordingly, Plaintiff fails to state a cognizable claim
27  against the Warden of NKSP.

28  ///

**C.     Termination of Employment as Relief**

Plaintiff also requests that Defendants' employment with the prison be terminated. Any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part:

> The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a)(1)(A).

Terminating Defendants' employment would not remedy the past violation of Plaintiff's constitutional rights, and therefore is not narrowly drawn to correct the alleged past violations. Based on the nature of the claims at issue in this action, which involve past conduct, Plaintiff is not entitled to injunctive relief and is therefore limited to seeking money damages for the violations of his federal rights.

## IV.

## FAILURE TO OBEY COURT ORDER AND FAILURE TO PROSECUTE

Here, the Court screened Plaintiff's second amended complaint, and on August 23, 2024, an order issued providing Plaintiff with the legal standards that applied to his claims, advising him of the deficiencies that needed to be corrected, and granting him one final opportunity to amend the complaint within thirty days. (ECF No. 16.) Plaintiff did not file a third amended complaint or otherwise respond to the Court's August 23, 2024 order. Therefore, on October 3, 2024, the Court ordered Plaintiff to show cause within fourteen (14) days why the action should not be dismissed. (ECF No. 17.) Plaintiff failed to respond to the October 2, 2024 order and the time to do so has passed.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal

6

of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.' " Carey, 856 F.2d at 1440 (quoting Henderson, 779 F.2d at 1423). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

In this instance, the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d at 1226. Plaintiff was ordered to file an amended complaint within thirty days of August 23, 2024 and has not done so. Plaintiff's failure to comply with the order of the Court by filing an amended complaint hinders the Court's ability to move this action towards disposition. This action can proceed no further without Plaintiff's compliance with the order and his failure to comply indicates that Plaintiff does not intend to diligently litigate this action.

Since it appears that Plaintiff does not intend to litigate this action diligently there arises a rebuttable presumption of prejudice to the defendants in this action. In re Eisen, 31 F.3d 1447,

7

1452-53 (9th Cir. 1994). The risk of prejudice to the defendants also weighs in favor of dismissal.

The public policy in favor of deciding cases on their merits is greatly outweighed by the factors in favor of dismissal. It is Plaintiff's responsibility to move this action forward. In order for this action to proceed, Plaintiff is required to file an amended complaint curing the deficiencies in the operative pleading. Despite being ordered to do so, Plaintiff did not file an amended complaint or respond to the order to show cause and this action cannot simply remain idle on the Court's docket, unprosecuted. In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424. The Court's August 23, 2024, order requiring Plaintiff to file an amended complaint expressly stated: "If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to a district ju6dge that this action be dismissed consistent with the reasons stated in this order." (ECF No. 16.) In addition, the Court's October 2, 2024, order to show cause specifically stated: "Failure to comply with this order will result in a recommendation to dismiss this action for failure to prosecute, failure to comply with a court order, and failure to state a cognizable claim for relief.." (ECF No. 17.) Thus, Plaintiff had adequate warning that dismissal would result from her noncompliance with the Court's order.

## V.

## RECOMMENDATIONS

The Court has screened Plaintiff's complaint and directed Plaintiff to file an amended complaint within thirty days. Plaintiff has failed to comply with the Court's order to file an amended and has not responded to the Court's order to show why the action should not be dismissed. In considering the factors to determine if this action should be dismissed, the Court finds that this action should be dismissed for Plaintiff's failure to obey the August 23, 2024 and October 2, 2024 orders, failure to prosecute this action, and failure to state a cognizable claim for relief.

      Accordingly, it is HEREBY RECOMMENDED that this action be dismissed for Plaintiff's failure to comply with a court orders, failure to prosecute, and failure to state a cognizable claim for relief.

      These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court, limited to 15 pages, including exhibits.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 28, 2024**

                                            UNITED STATES MAGISTRATE JUDGE