**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SUMPTER PORTER,<br><br>       Plaintiff,<br><br>   v.<br><br>LAQUIN RIVERA, et al.,<br><br>       Defendants. | Case No.: 1:24-cv-0599 JLT SAB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING THE ACTION WITHOUT PREJUDICE, AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE<br><br>(Doc. 11) |

Sumpter Porter seeks to hold the defendants liable for violations of his civil rights while incarcerated at Norther Kern State Prison. (*See generally* Doc. 1.) The assigned magistrate judge screened Plaintiff's second amended complaint pursuant to 28 U.S.C. § 1915(e)(2) and found Plaintiff failed to state a cognizable claim. (Doc. 16 at 2-5.) The Court directed Plaintiff to file a third amended complaint or notify the Court if he wished to dismiss the action. (*Id.* at 6.) After Plaintiff did not respond to the Court's order, the magistrate judge directed Plaintiff to show cause why the action should not be dismissed. (Doc. 17.)

After Plaintiff also failed to respond to the order to show cause, the magistrate judge issued Findings and Recommendations, reiterating the findings in the Screening Order and recommending dismissal. (Doc. 18 at 2; *see also id.* at 3-6.) The magistrate judge also found terminating sanctions were appropriate for Plaintiff's failure to comply with the Court's orders and failure to prosecute, after considering the factors identified by the Ninth Circuit in *Henderson*

*v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).  (*Id.* at 6-8.)  Therefore, the magistrate judge recommended dismissal "for Plaintiff's failure to comply with a court orders, failure to prosecute, and failure to state a cognizable claim for relief."  (*Id.* at 9.)

The Court served the Findings and Recommendations on Plaintiff at the address on record and notified him that any objections were due within 14 days.  (Doc. 18 at 9.)  However, the U.S. Postal Service returned the Findings and Recommendations as "Undeliverable, Paroled."  To date, Plaintiff has not filed a notice of change of address.  Nevertheless, service upon Plaintiff is deemed fully effective.  *See* Local Rule 182(f) ("Each ... pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number of the attorney or the pro se party. Absent such notice, service of documents at the prior address of the attorney or pro se party shall be fully effective.")

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis.  In addition, more than 63 days have passed since the Postal Service first returned the Court's mail as undeliverable, and Plaintiff failed to comply with the Local Rules requiring him to keep the Court apprised of a proper mailing address.  *See* Local Rule 183(b).  The reasoning set forth by the magistrate judge addressing the *Henderson* factors also supports dismissal for Plaintiff's failure to comply with the Local Rules.  *See Carey v. King,* 856 F.2d 1439, 1440-41 (9th Cir. 1988) (addressing the same factors and affirming the district court's dismissal after mail to the plaintiff was returned as undeliverable and he did not provide a proper address as required by the court's local rules).  Therefore, the Court **ORDERS**:

1. The Findings and Recommendations issued on October 29, 2024 (Doc. 6) are **ADOPTED** in full.
2. This action is **DISMISSED** without prejudice for Plaintiff's failure to state a cognizable claim, failure to prosecute, failure to obey the Court's orders, and failure to comply with the Local Rules.

///

///

2

3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: __December 30, 2024__

_____
UNITED STATES DISTRICT JUDGE